PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

ORIGINAL

# United States District Court for the Eastern District of New York

Name: Keith Davis

Prisoner Identification no.: 04-A-6113

Place of Confinement: Sullivan C.F.

CV-08-4659

Name of Petitioner (include name under which convicted): Keith Davis

v.

Name of Respondent (warden or superintendent of your prison): James W. Walsh

PETITION IRIZARRY, J. LEVY, M.J

1. Name and location of court which entered the judgment of conviction under attack Supreme Court (criminal) 120 Schermerhorn Bklyn, ny. 11201

2. Name and address of lawyer who represented you Jonathan A. Fink 40 Exchange Place, Suite 2010 ny. ny. 10005

3. Date of judgment of conviction October 28, 2004

4. Length of sentence 15 years / 5 years post supervision

5. Nature of offense involved (all counts) PL 120.14(1) (3 counts) PL 155.25 (2 counts) PL 155.30 (2 counts) PL 160.05 (2 counts) PL 160.10(1) (2 counts) PL 160.15 (2-counts) PL 160.15(3) (2 counts) PL 240.26(1) (3 counts) PL 265.01(1) PL 265.01(2) PL 265.02(4) PL 265.03(2)

6. What was your plea? (Check one)
   - (a) Not guilty ☑
   - (b) Guilty ☐
   - (c) Nolo contendere ☐

If you entered a guilty plea to one count of indictment, and not a guilty plea to another count of indictment, give details:

7. If you pleaded not guilty, what kind of trial did you have? (Check one)
   - (a) Jury ☑
   - (b) Judge only ☐

8. Did you testify at the trial?
   Yes ☐ No ☑

9. Did you appeal from the judgment of conviction?
   Yes ☑ No ☐

RECEIVED NOV 7 2008 PRO SE OFFICE

10. If you did appeal, answer the following:

(a) Name of court Appellate Division - Second Department

(b) Name and address of lawyer who represented you ERICA Horwitz 2 Rector street 10th Fl. N.Y. N.Y. 10006

(c) Result Modified and Affirmed

(d) Date of result and citation, if known August 14, 2007

(e) Grounds raised Pt. I) Denial of Double Jeopardy Rights, PT. II) Denial of Right to Public Trial, PT. III) Illegal Sentence.

(f) If you sought further review of the decision by appeal to a higher state court, please answer the following:

(1) Name of court Court of Appeals

(2) Name and address of lawyer who represented you ERICA Horwitz 2 Rector st. 10th Fl.

(3) Result Denied entry

(4) Date of result and citation, if known November 7, 2007

(5) Grounds raised PT. I And PT. II As mentioned Above

(g) If you filed a petition for writ of certiorari in the United States Supreme Court, please provide the date the petition was filed and the date of result and citation, if known

(1) Name and address of lawyer who represented you

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
yes ☐ No ☑

12. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court

(2) Name and address of lawyer who represented you

(3) Nature of proceeding

(4) Grounds raised

(5) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ☐

(6) Date motion was filed with the Court ____________

(7) Date and result of motion ____________

(b) As to any second petition, application or motion give the same information:

(1) Name of court ____________

(2) Name and address of lawyer who represented you ____________

(3) Nature of proceeding ____________

(4) Grounds raised ____________

(5) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ☐

(6) Date motion was filed with the Court ____________

(7) Date and result of motion ____________

(c) Did you appeal the decision of any petition, application or motion to the highest state court having jurisdiction?

(1) First petition, etc. Yes ☐ No ☐

(2) Second petition, etc. Yes ☐ No ☐

(d) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

13. STATE EVERY GROUND ON WHICH YOU CLAIM THAT YOU ARE BEING HELD UNLAWFULLY. IF YOU ARE RAISING THE SAME GROUNDS THAT YOU RAISED ON DIRECT APPEAL, YOU SHOULD ATTACH A COPY OF YOUR STATE COURT APPELLATE BRIEF. YOU MUST EXHAUST YOUR STATE COURT REMEDIES ON EACH GROUND YOU ARE CLAIMING YOU ARE BEING HELD UNLAWFULLY.

Ground(s): I.) Petitioner WAS DENIED HIS DOUBLE JEOPARDY RIGHTS WHEN THE COURT DECLARED A MISTRIAL BASED ON DEFENSE COUNSELS INABILITY TO PROCEED WITHOUT CONSIDERING AS AN ALTERNATIVE PETITIONERS REQUEST TO CONTINUE THE TRIAL PRO SE.

II.)
THE TRIAL court DEPRIVED PETITIONER OF HIS SIXTH AMENDMENT RIGHT TO A PUBLIC TRIAL WHEN, OVER OBJECTION, IT BARRED HIS WELL BEHAVED YOUNG SON FROM THE COURTROOM BASED MERELY ON IT'S PERSONAL BELIEF THAT IT WAS "INAPPROPRIATE" FOR HIM TO BE THERE.

FACTS for GROUND I) SEE ATTACHED PAGE TITLED "MISTRIAL DECLARATION"

FACTS FOR GROUND II) SEE ATTACHED PAGE TITLED "THE RETRIAL"

## The Mistrial Declaration

Appellant's first trial commenced on Tuesday, January 20, 2004. Following a Sandoval hearing, the jury was selected and testimony began.

That Thursday, the court recessed early because defense counsel, Al Dorfman, indicated that he was having arterial fibrillation, a heart condition. Mr. Dorfman went to the cardiologist that day. When Mr. Dorfman notified the court the following morning by telephone that he could not appear, the trial was adjourned until the afternoon of the following Monday, January 26.

On Monday, the court addressed Mr. Dorfman, stating, "I believe you're experiencing the same condition that you had on Thursday," and have "made arrangements to go immediately to a cardiologist". When Mr. Dorfman agreed, saying he had an appointment for early that evening, the court announced,

> It's the opinion of the Court that you will not be able to proceed to the conclusion of this trial which will be at least to the end of this week and with your consent I will declare a mistrial.

Mr. Dorfman responded, "Consent".

The court then said it would adjourn the matter for a few weeks to see if Mr. Dorfman was able to continue with the trial and, if not, it would assign new counsel or consider any other applications. With no break in the proceedings, defense counsel then stated,

> Judge, for the record the defendant wishes me to inform you that he wishes to go pro se.

Rather than addressing appellant regarding his request to proceed pro se, the court said only that it would "entertain that application on the new trial date". After the parties agreed upon a control date, the court announced, "Mistrial is declared by the Court".

The court then adjourned the case, called the jury in, and discharged it. A month later, at the next appearance, the court appointed new counsel for the retrial. At sentencing, appellant protested that his rights had been violated throughout the proceedings, specifically complaining, inter alia, that the court had rejected his repeated applications for new counsel and Mr. Dorfman's own request to be relieved prior to the first trial and had then refused to allow him to defend himself and "continue that trial,. Appellant had asked the court "could I defend myself and to continue that trial, so I can defend myself and get the case over with, because I know I'm innocent and I wanted to hurry up and go to trial as soon as possible".

## The Retrial

### The Exclusion of Appellant's Son From the Courtroom

After a lunch break during the testimony of one of the police officers, defense counsel noted that appellant had returned from lunch with his young son and a friend of appellant's who had been attending court all week.

The court commented that "we had a real issue about his bringing his son to the courthouse" at the first trial. The court said it "had to remand [appellant] for a period of time when he refused . . . to take the child to the daycare center". Saying it had instructed appellan then and would instruct him again to make other arrangements, the court declared, "This is no place for a young child to be sitting in on a criminal court case".

Defense counsel responded that the child was sitting with the older adult and "seemed well behave". He took exception to the court's ruling, saying, "I think he has a right to have a member of his family here, even if he is [a] child". The court stated that the courtroom was "not the appropriate place for a child of that age," and asked his age. When counsel said the boy was four years old, the court repeated, "It's inappropriate," and gave counsel an exception.

At no time did the court or the prosecutor, who voiced no opinion in this matter, allege that the child was in any way disruptive at the first trial or this retrial.

14. **TIMELINESS OF PETITION:** If your judgment of conviction was made final over one year ago, you must set forth below why the one-year statute of limitations as codified in 28 U.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" ) as codified in 28 U.S.C. § 2244(d) provides in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

15. Do you have a petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐ No ☑

16. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☑

(a) If so, give name and location of court which imposed sentence to be served in the future: ____________

(b) Give date and length of the above sentence: ____________

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

10/31/08
(date)

Sworn to and Subscribe before me this 31st day of October 2008

Chester G Jones
Notary Public

CHESTER G. JONES
Notary Public, State of New York
No. 01JO6075393
Qualified in Sullivan County
Commission Expires June 3, 2010

Keith Davis
Signature of Petitioner

Sullivan C.F. P.O. Box 116
Address
Fallsburg, N.Y. 12733

I declare under penalty of perjury that on 10/3/08 (date), I delivered this petition to prison authorities to be mailed to the United States District Court for the Eastern District of New York.

Keith Davis
Signature of Petitioner